IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THERESA B. ROMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:21-CV-00813-HEH |
| ) | |
| U.S. BANK NATIONAL ) | |
| ASSOCIATION, as Trustee for ) | |
| GSAA Home Equity Trust 2006-12, ) | |
| Asset-Backed Certificates, ) | |
| Series 2006-12, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
**(Granting Plaintiff's Motion to Remand)**

This matter is before the Court on Theresa B. Roman's ("Plaintiff") Motion to Remand (the "Motion," ECF No. 2), filed on January 2, 2022. Defendant Trustee Services of Virginia, LLC ("Trustee Services") filed a Notice of Removal in this Court, removing the case from the Circuit Court of Henrico County, Virginia on December 29, 2021. (ECF No. 1.) Plaintiff contests removal and claims that Trustee Services did not remove this case within the appropriate time constraints. The parties have filed memoranda in support of their respective positions, and the Motion is ripe for the Court's review. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the following reasons, the Court will grant Plaintiff's Motion.

## I. BACKGROUND

While the extensive factual history of this case does not affect our analysis on the Motion to Remand, a brief overview is beneficial to understanding the procedural posture. On December 1, 2020, Plaintiff filed the underlying complaint (the "Complaint") in the Circuit Court for Henrico County, Virginia seeking the restoration of her ownership rights to 5405 Wellington Ridge Road, Richmond, Virginia ("the Property"). (Compl. ¶¶ 5, 46, ECF No. 1-1.)

Plaintiff's mother, Venice E. Briggs ("Briggs"), entered into a mortgage loan (the "Mortgage Loan") on April 28, 2006, for $251,950.00. (*Id.* ¶ 5.) Plaintiff and Briggs owned the Property as tenants in the entirety and together executed a deed of trust (the "Deed of Trust") to which U.S. Bank National Association as Trustee for GSAA Home Equity Trust 2006-12, Asset-Backed Certificates, Series 2006-12 ("U.S. Bank") was the beneficiary. (*Id.* ¶¶ 5, 9, 14.) After Briggs died on August 31, 2006, Plaintiff informed the Mortgage Loan servicer that she was now the personal representative for the Estate of Venice E. Briggs and was the only borrower listed on the Deed of Trust. (*Id.* ¶¶ 10, 15, 16.)

Paragraph 22 of the Deed of Trust contractually requires that a notice of default be sent to the borrower. (*Id.* ¶ 12.) On July 12, 2017, U.S. Bank addressed and sent a notice of default to Briggs, not Plaintiff, at the Property's address. (*Id.* ¶¶ 18, 19.) Consequently, Plaintiff was not made aware of the notice of default until her counsel requested and obtained a copy to show her. (*Id.* ¶ 27.)

2

On January 18, 2018, Trustee Services, the substitute trustee of the Deed of Trust, conducted a foreclosure sale of the Property, and the Property was sold to U.S. Bank. (*Id.* ¶ 33.) Just before the foreclosure, Plaintiff filed suit against Trustee Services requesting a cancellation of the scheduled foreclosure. (*Id.* ¶ 30.) After the foreclosure, U.S. Bank obtained a judgment for possession of the Property in the Circuit Court of Henrico County, Virginia. (*Id.* ¶ 39.) Plaintiff's petition for appeal and petition for rehearing were denied by the Virginia Supreme Court. (*Id.*)

Plaintiff then filed the underlying Complaint. She claims that her case is similar to a recent Supreme Court of Virginia case because there was invalid cure notice; had she received the notice she would have been able to cure the default in the note; and she previously pursued a declaratory judgment that would have invalidated the foreclosure. (*Id.* ¶ 41); *see Young-Allen v. Bank of Am., N.A.*, 839 S.E.2d 987 (2020).

Plaintiff previously filed for Chapter 13 Bankruptcy on October 5, 2020, in the Eastern District of Virginia. (Notice of Removal ¶ 2, ECF No. 1.) The Bankruptcy Court imposed an automatic stay pursuant to 11 U.S.C. § 362 to protect against the dissemination of Plaintiff's assets through litigation. (*Id.*) Despite this automatic stay, Plaintiff filed the underlying Complaint in state court and served the Defendants on December 16, 2020. (*Id.* ¶ 3.) No action was taken on this case until the Bankruptcy Court lifted the stay on December 1, 2021. (*Id.* ¶ 6.) After the stay was lifted, Trustee Services filed its Notice of Removal on December 29, 2021. Trustee Services asserts the basis for jurisdiction in this Court is diversity pursuant to 28 U.S.C. § 1332(a). (*Id.* ¶¶

3

13–19.) Trustee Services also alleges that removal would be proper because this Court has already taken jurisdiction over a similar matter.[1]

In the Motion, Plaintiff argues that Trustee Services' removal was time-barred by 28 U.S.C. § 1446(b) because it failed to remove the case within the "30 day and one year deadlines." (Mem. Supp. at 1, ECF No. 3.) Specifically, the attempt to remove was untimely because removal was not barred by the bankruptcy stay. (*Id.* at 2.) In response, Trustee Services contends that because Plaintiff proposed curing the arrearage on the mortgage loan through her Chapter 13 Plan, the present case is related to Plaintiff's bankruptcy, and removal was subject to the bankruptcy stay under 11 U.S.C. §§ 362 (a)(2), (a)(3), (a)(5), (c)(1). (Def.'s Mem. in Opp'n ¶ 3, ECF No. 9.)

## II. STANDARD OF REVIEW

A defendant may remove a civil action initially filed in state court to a United States district court if "the action could have originally been brought in federal court." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996); 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Because removal of a case from state court implicates "significant federalism concerns," this Court's removal jurisdiction must be strictly construed. *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v.*

---

[1] Because Trustee Services failed to remove the case within the timeline provided in 28 U.S.C. § 1441, the Court need not address Defendant's argument that there was a previously removed case that might be derived from the same cause of action.

4

*Sheets*, 313 U.S. 100 (1941)). The Fourth Circuit requires remand of a case to state court if federal jurisdiction is at all "doubtful." *Id.* Here, Defendant established diversity jurisdiction; however, that is not the end of the analysis. *See* 28 U.S.C. § 1332(a).

28 U.S.C. § 1446 establishes the procedures for removal of any case that is authorized to be removed under 28 U.S.C. § 1441. Relevant to this matter, the second paragraph of 28 U.S.C. § 1446(b) specifies the time limits for filing a notice of removal in cases such as the present one:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The 30-day window for removal is designed to prevent "undue delay in removal and the concomitant waste of state judicial resources." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir.1997). Similarly, Congress implemented the one-year bar to reduce "the opportunity for removal after substantial progress ha[d] been made in state court." *US Airways, Inc. v. PMA Capital Ins. Co.*, 340 F. Supp. 2d 699, 706 (E.D. Va. 2004).

### III. ANALYSIS

In support of the Motion, Plaintiff contends that Trustee Services violated both § 1446(b) time constraints—by removing the case over 30 days after Trustee Services was served and by Trustee Services filing its Notice of Removal more than one year after the commencement of this action. (Mem. Supp. at 1–2.) In

5

response, Trustee Services attempts to argue that the Plaintiff's bankruptcy stay barred the possibility of proceeding with litigation and that the lifting of the bankruptcy stay effectively started the clock for removal proceedings. (Def.'s Mem. in Opp'n ¶¶ 3–4.)

Some actions are prohibited when there is an active bankruptcy stay. Those actions include "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). To determine if Trustee Services was precluded from removal while the stay was in place, it must be determined if removal is an action prohibited under § 362(a)(1).

While the Fourth Circuit has not directly addressed the impact of bankruptcy stays on *removal*, courts within the Fourth Circuit, and elsewhere, have almost unanimously found that bankruptcy stays "[do] not prevent *remand* of an improperly removed action because remand 'is not a prohibited "continuation" of the action under § 362.'" *Sanders v. Farina*, 67 F. Supp. 3d 727, 730 (E.D. Va. 2014) (quoting *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 63 n.1 (9th Cir. 2011)) (emphasis added); *MTGLQ Investors, L.P. v. Guire*, 286 F. Supp. 561, 563–64 (D. Md. 2003) ("[D]ismissing or transferring the case on jurisdictional grounds does not constitute a prohibited "continuation" of the action under § 362.").

6

The purpose of a bankruptcy stay is to protect against the dissipation of a debtor's assets in litigation proceedings. *Sanders*, 67 F. Supp. 3d at 729 (citing *Winters ex rel. McMahon v. George Mason Bank*, 94 F.3d 130 (4th Cir. 1996). Further, bankruptcy stays are intended to relieve debtors of financial pressure while the court is working through the bankruptcy case. *See Sanders*, 67 F. Supp. 3d at 729. Remand is intended to resolve jurisdictional issues by determining if "the court lacks power to hear the case and that the case belongs in another court." *Id.* In *Sanders*, the court held that the automatic stay imposed pursuant to § 362 did not bar remand. *Id.* The court noted that remand pursuant to § 1441 does not constitute the commencement or continuation of an action barred by an automatic stay nor does it interfere with the purpose of the stay. *Id.* Remand does not infringe upon a debtor's financial protection from the stay, and therefore would not be precluded by the prohibited actions under the bankruptcy stay provision. *Id.* at 730. The court concluded in *Sanders* that, because the defendant's removal was improper, the case must be remanded. *Id.* at 731.

The question in this case is whether the bankruptcy stay prevented removal instead of remand, but removal and remand work in tandem. After a defendant has filed its notice of removal, the plaintiff can file a motion to remand the case back to state court within 30 days of the notice of removal under § 1446(a). 28 U.S.C. § 1447(c). Both removal and remand address jurisdictional issues, not the merits of the case before the court. Removal, like remand, is not the commencement or continuation of an action because it contains no determination

7

on the merits of the plaintiff's claim. *See Sanders*, 67 F. Supp. 3d at 729. In addition, removal does not interfere with the purpose of a bankruptcy stay. Removing a case from state to federal court does not place a financial burden on the debtor and does not disseminate assets protected during the bankruptcy proceeding. *Id.* at 730. For these reasons, 11 U.S.C. § 362(a)(1) does not prevent a party from removing a case to federal court. It is also important to note that Plaintiff, the debtor in the bankruptcy case, was the one who filed the underlying Complaint after the bankruptcy stay was imposed. Therefore, the bankruptcy stay did not preclude Trustee Services from filing its Notice of Removal within the time constraints of § 1446.

Although Trustee Services alleges that the parties are completely diverse and the amount in controversy exceeds $75,000, Trustee Services' attempt to remove was improper because it did not follow the prescribed timelines outlined in 18 U.S.C § 1446, and the bankruptcy stay did not preclude removal. Therefore, the Court will grant Plaintiff's Motion to Remand.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 25, 2022
Richmond, VA

8